## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| **THERESE KAPINGA**, an individual residing in Portland, County of Cumberland, and State of Maine,<br><br>    Plaintiff<br><br>v.<br><br>**TERRACE POND, LLC**, of Portland, County of Cumberland, and State of Maine; and, **PIZZO'S PROPERTY MANAGEMENT**, **INC.,** of Portland, County of Cumberland, and State of Maine,<br><br>    Defendants | Civil Action No. 2:22-cv-00322-JAW |

## **FIRST AMENDED COMPLAINT**

By this action, Plaintiff complains and seeks to recover of the Defendants, jointly and severally for, inter alia, (1) unlawful discrimination based on national origin in violation of state and federal law; (2) hostile housing environment; (3) intentional infliction of emotional distress; and (4) violation of Maine's unfair trade practices act.

## **PARTIES**

1. Plaintiff Therese Kapinga is a resident of Portland, Cumberland County, and State of Maine.

2. Defendant Terrace Pond, LLC is a Maine Limited Liability Corporation with its principal place of business at 723 Riverside Street, Portland, Cumberland County, Maine.

1

3. Defendant Pizzo's Property Management Inc. is a Maine business corporation for profit with its principal place of business at 723 Riverside Street, Portland, Cumberland County, Maine.

4. Defendant Terrace Pond, LLC, is the owner of Terrace Pond Apartments.

5. Defendant Pizzo's Property Management is the property manager of Terrace Pond Apartments, and is an agent of Terrace Pond, LLC.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 by virtue of a federal question.

7. This Court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367.

8. The Court is an appropriate venue for this dispute. The actions complained of took place in this judicial district; evidence and witnesses relevant to the allegations are located in this judicial district; and all parties are located in this judicial district.

## STATEMENT OF FACTS

9. Plaintiff incorporates herein by this reference hereto each and every allegation and claim contained in the paragraphs of this complaint as if fully set forth herein.

10. Plaintiff Therese Kapinga was born in Democratic Republic of Congo and later emigrated to the United States, and currently resides in Portland, Cumberland County, Maine.

11. On December 23, 2020 Plaintiff signed a lease for unit 411 at Terrace Pond Apartments located in Portland, Cumberland County, Maine.

12. Defendants were made aware of Plaintiff's Congolese national origin by her rental application and by her native accent and appearance.

13. Plaintiff moved into unit #411 at Terrace Pond Apartments on January 1, 2021 and lived there until December 31, 2021 when her lease terminated and was not renewed.

14. Beginning in August 2021, Plaintiff began seeing cockroaches in her unit, and she attempted to kill them using household insecticides. She also discarded food, clothing, and personal items, and experienced sleep and restlessness and other symptoms of emotional distress as a result.

15. On September 9, 2021, Plaintiff submitted a maintenance request to Defendants to alert them of the cockroaches and ask for a professional exterminator to be called.

16. Upon information and belief, other tenants were experiencing cockroach infestations but failed to report their infestations to building management.

17. On September 13, 2021, Waltham Pest inspected and treated Plaintiff's apartment, however Defendants failed to have them inspect or treat any other areas of the building.

18. Defendants' failure to fully inspect and treat the entire building resulted in the infestation in Plaintiff's apartment growing worse, and additional treatments of her apartment were required on September 22, September 27, October 6, and November 4.

19. On September 22, 2021, Waltham Pest recommended inspecting the units above Plaintiff's unit #411 in search of the source of the infestation, as the treatment of unit #411 was not effective. On this day, two other units on Plaintiff's floor were also treated for cockroaches.

20. Upon information and belief, the laundry room directly next to Plaintiff's apartment was not treated until October 6, at which point Plaintiff's unit had shown drastic improvement while other units were still infested.

21. On or around September 22, 2021, Defendants, based solely on conjecture, stereotype, and bigotry attributable to her Congolese national origin, accused Plaintiff of being the source and origin of the cockroach infestation.

22. Based only on pure prejudice and discrimination due to her Congolese national origin, Defendants sought to evict Plaintiff from her apartment, refused to renew her lease, and wrongfully withheld her security deposit after she vacated Terrace Pond Apartments.

23. Defendants' Forcible Entry Detainer ("FED") action terminated in favor of Plaintiff.

24. Defendants subsequently refused to renew Plaintiff's lease. Defendants' refusal to renew Plaintiff's lease was discriminatory and retaliatory and because of bigotry and discrimination due to Plaintiff's Congolese national origin which they blamed for the cockroach infestation. In point of fact, Plaintiff was not the source of the cockroach infestation. Other units were also infested.

25. Defendants wrongfully withheld Plaintiff's security deposit after she vacated, falsely claiming that Plaintiff had damaged her unit.

26. Defendants acted with bigotry and discrimination, and Defendants' actions were so outrageous that malice or reckless indifference to Plaintiff's civil rights exists or may be implied.

27. As a result of Defendants' actions, Plaintiff suffered economic damages, including loss of personal items, medical treatment and the cost of a more expensive apartment, and she suffered severe emotional distress which manifested in physical symptoms for which she received medical attention.

28. Defendants Pizzo's Management Inc. and Terrace Pond LLC are vicariously liable for the actions of Property Manager Sean Duffy, as he is their employee and agent, and his actions were taken in the course and scope of his employment and on their behalf.

### COUNT I
### UNLAWFUL HOUSING DISCRIMINATION IN VIOLATION OF 5 M.R.S § 4581-4583, THE MAINE FAIR HOUSING ACT, AND THE FEDERAL FAIR HOUSING ACT AND FAIR HOUSING AMENDMENTS ACT (42 U.S. CODE § § 3601-3619, 3631)

29. Plaintiff incorporates herein by this reference hereto each and every allegation and claim contained in the paragraphs of this complaint as if fully set forth herein.

30. Defendants discriminated against Plaintiff because of her Congolese national origin when they falsely accused her of being the source of a cockroach infestation.

31. Defendants acted with bigotry and discrimination when accusing Plaintiff of being the source of cockroaches when commencing the FED action, by failing to renew her lease and when retaining her security deposit.

32. Defendants' actions were motivated by bigotry and discrimination, and are intolerable for a civilized community and Defendants acted with malice or Defendants' conduct is so unacceptable that malice may be implied.

33. Defendants treated Plaintiff disparately from other tenants who were not Congolese immigrants.

34. Because of Defendants' wrongful conduct, Plaintiff suffered economic injury and emotional injury.

35. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff was damaged in an amount to be determined by the Court, together with interest, costs, expenses, attorney's fees and punitive damages.

## COUNT II
## HOSTILE HOUSING ENVIRONMENT IN VIOLATION OF 5 M.R.S § 4581-4583, THE MAINE FAIR HOUSING ACT, AND THE FEDERAL FAIR HOUSING ACT AND FAIR HOUSING AMENDMENTS ACT (42 U.S. CODE § § 3601-3619, 3631)

36. Plaintiff incorporates herein by this reference hereto each and every allegation and claim contained in the paragraphs of this complaint as if fully set forth herein.

37. Defendants engaged in a pattern of repeated and intense discrimination and harassment of Plaintiff because of her Congolese national origin.

38. On one or more occasions, Defendants made offensive, abusive, intimidating, harassing and/or threatening statements about and to Plaintiff and her family members because of her Congolese national origin on more than one occasion.

39. Defendants repeatedly falsely accused Plaintiff of being the source of the building's cockroach infestation because of her Congolese national origin, attributing it to her, and engaged in a pattern of harassing and discriminatory conduct fueled by their xenophobic beliefs about her.

40. Defendants' actions were so severe and pervasive that they created a hostile housing environment for Plaintiff and caused her living environment to become hostile and abusive and intolerable.

41. Defendants' actions caused Plaintiff to suffer severe emotional distress for which she required medical treatment, and other financial damages suffered because of having to vacate.

42. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff was damaged in an amount to be determined by the Court, together with interest, costs, expenses, attorney's fees and punitive damages.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

43. Plaintiff incorporates herein by this reference hereto each and every allegation and claim contained in the paragraphs of this complaint as if fully set forth herein.

44. Defendants discriminated against Plaintiff because of her Congolese national origin.

45. Defendants wrongfully accused and blamed Plaintiff for causing a cockroach infestation, which Defendants then failed to properly treat and caused to spread.

46. Defendants attempted to evict Plaintiff and engaged in a pattern of harassment and discrimination in an attempt to force her to move out before the expiration of her lease.

47. Defendants' actions were motivated by ill will, malice, spite and bias against Plaintiff because of her Congolese national origin, and Defendants' conduct was and is intolerable for a civilized society.

48. As the result of Defendants' actions, Plaintiff suffered severe emotional distress for which she sought medical attention.

49. Because of Defendants' wrongful conduct, Plaintiff suffered economic injury and emotional injury.

50. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff was damaged in an amount to be determined by the Court, together with interest, costs, expenses, attorney's fees and punitive damages.

## COUNT IV
## VIOLATION OF MAINE'S UNFAIR TRADE PRACTICES ACT, 5 M.R.S.A. §§ 205-A- et seq.

51. Plaintiff incorporates herein by this reference hereto each and every allegation and claim contained in the paragraphs of this complaint as if fully set forth herein.

52. Defendants rent residential housing to consumers, and enter into leases for real property in Maine. The lease between Plaintiff and Defendants, and the parties' duties and performance thereof are governed by 5 M.R.S. § 205-A et seq.

53. Defendants entered into a residential lease with Plaintiff.

54. Defendants discriminated against Plaintiff because of her Congolese national origin when they refused to renew her lease and wrongfully withheld Plaintiff's security deposit after she vacated, falsely claiming that Plaintiff had damaged her unit.

55. Defendants engaged in retaliatory behavior by refusing to renew her lease, after Plaintiff reported the infestation to Defendants, and by wrongfully withholding Plaintiff's security deposit.

56. Defendants engaged in retaliatory and discriminatory conduct in conjunction with this lease, and these actions constitute unfair and/or deceptive trade practices.

57. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff was damaged in an amount to be determined by the Court, together with interest, costs, expenses, attorney's fees and punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Therese Kapinga respectfully requests relief against each and every Defendant, jointly and severally, as follows:

1. With respect to Counts I-IV, that the Court enter judgment for Plaintiff against each Defendant, joint and several, in an amount to be determined, together with interest, costs and attorney's fees, compensatory damages, and, if appropriate, punitive damages;

2. With respect to Counts I, II and IV, that the Court enjoin Defendants from engaging in discriminatory housing practices, and other equitable relief as the Court may deem just and proper; and

3. Any such further legal and equitable relief as the Court may deem just and proper.

**PLAINTIFF REQUESTS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

DATED at South Portland, Maine, this 28th day of August, 2023

        Respectfully Submitted,
        Therese Kapinga,
        By counsel,

/*s*/ Brooke Bailey
_____
Jeffrey Bennett, Esq., #7223
Brooke J. Bailey, Esq., #6760
Legal-Ease, LLC, P.A.
198 Maine Mall Rd. (Box 2)
South Portland, ME 04106
207-805-0055
jbennett@legal-ease.com
bbailey@legal-ease.com